United States District Court

Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/10

---------------------------------------------------------------

PRO SE OFFICE

INDEX :   10 civ 2402 (RPP)

**MARVIN ARNOLD POLLACK,**

                          Plaintiff

vs.

Howard Holanchock, Michael F. Hogan,

Peggi Healy, et al (please see list on following pages);

in their individual and official capacities

                         Defendant(s)

AMENDED

COMPLAINT

Civil Rights Complaint

Pursuant to

42 USC 1983

42 USC 1331

42 USC 1383 ( c ) (3)

42 USC 1391

Public Law 95-452

28 USC 994

42 USC 1395 , 29 USC 1181

45 CFR 164.501

Sarbanes-Axley Act 2002

28 USC 1402 ( b ), 18 USC 1961-68

28 USC 1332

INTER ALIA

---------------------------------------------------------------

# AMENDED

# COMPLAINT

(pursuant to 42 USC 1983,
in the alia)
infra and supra)

DATE::: 10 / / 10

(AS AT 9-22-10 8 : approx.)

2010 OCT 22 P 12: 20
PRO SE OFFICE
RECEIVED

Alan, Patrick; Albert, Dennis; Alessandro, Joseph; Alfieri, Victor
J.; Alford, Reggie; ~~Andino, Patrick~~; American Medical Association;
American Pharmeceutical Association; American Psychiatric
Association; American Psychological Association; Anand, Bhurar;
Anderson, Gregory; Andino, Patrick; Armstrong, Zelma; Baird, Kim;
Bartlett, Catherine; Baxi, Shereyas Indravadan; Beletti, Allison;
Bernstein,Marvin; Berry, Jeffrey G.; Beyron, "Jo hn"; Bharne, Delip;
"Bob", B ob; Boklan, Abbey L.; Bonnie, Robert; Bovona, Andrew P.;
Boyles, Joan; Bravo Health; Breland, Theresa; Brown, Dennis, Brooks-
Edmonds, Deborah; Bryant, Elwyn; Bursinski, Frank; Butler, Jeremy
Ryan; Campbell, Earl; Campbell, Thomas ("BAD") ; Capruso, Daniel;
Cardona, Jose; Chairman of Planning Board Inc. Village of Lake
Success (1991-1994 incl.); Chandrasekhara, Muthaiah; Chardinai,
Mary; Chard-Wiershem, Deborah; Chavis, "Jan e" Director of Inc.
Villiage of Lake Success (1991-1994 incl.); Chief Administrative
Judge of Nassau Supreme (1998-2000 incl.); Choudry, Samina;
Clerk of the Court Nassau Supreme (1998-2000, incl.); Cohen,
Jeffrey A.; Cuomo, Andrew M.; Cuomo, Mazrio M; Currier Woods, Lori;
Davenport, Dawn; Davis, Betty; Davis, Verona; Decker, Larry (Director
of MHFPC); Delea, Leslie; DeRosa, Nicholas; DeSanna, William;
DeCovnic, Al; Devery, Patricia; Dickson, Ann Marie; Dickerson, Thomas
A.;Dillon, Denis; Dino, Peter; Director 1 Inc. Village of Lake
\Success (1991-1994 incl.); Director 2 Inc. Village of Lake Success
(1991-1994 incl.); Director 3 Inc. Village of Lake Success (1991-
1994 incl.); " Doe, John" #1; "Doe, John" #2; " Doe, John" #3;"Doe,
John" "A"; "D oe, John" "B"; "Do e, John" "C";  Doyle, Trecia Melanie;
Dyer, Gerald; Edenfield, B. Avant; Eng, Randall T.; Eshkenazie, Azariah;
Fadinque, Claudia; Feerst, Barry; Feld, Dennis B.; Fender, Orville, Jr.;
Firester, Brent; Garcia, Edwin; Garyali, Veena; Goldman, Robin A.; Godfrey,
Ivan; Goldman, Robin A.; Goldsmith, Eric; Gonzales, Robert; Gonsales,
Robert; Gorovoy, Shalala; Granditch, Danielle; Green, Gerald; Greenfield,
Edward I.; Greenwood, Patricia; Guskin, Al; Haas, William A.; Hammond,
Bruce; Hammond, Bruce; Healy, Peggi; Hernandez, David; Hegarty, Angela;
Hirschfeld, Sidney; Hodge, Charles; Hogan, Michael F.; Holanchock, Howard;
Horowitz, Lawrence I.; Huguley, Harry; Hyler, Steve; Incorporated Villiage of
Lake Success;  Individual Members (each, every, and all) of the unit 41 / 42
so-called treatment team of MHFPC; Individual Members (each, every, and all)
of the unit 33 / 34 AND 35 / 36 so-called treatment team of MHFPC; Jean-Luis,
Thomas; Johnson-Torelli, Gia; Jonas, Zelda; Jones, Anthony; Jones, Malcomb;
Jones, Ralph; Jorge, Madimes; Kathpalia, Salil; Keegan, Mark; Klein, Fred A.;
Konchellonnil Abraham David; Koppell, G. Oliver; Kovenbach, Greg; Kosson,
Harlen; Krishnan, Paracutty; Kurzia, Elizabeth; Landro, Geraldine; Leeper, Karen;
Leibovitch; Lippman, Jonathan; Lucas, John J.; Lyciano, Dawn; Luff, heather;
MacDonald, Jane; MacDonald, Michael; Malik, Mohammed; Marlow, Barry;
Ma5rlow, Michael; Marris, Sue; Martine, Francine; Maslow, Gary; Mayor of Inc.
Villiage of Lake success 1991-1994, incl.; MaeElroy, David; McKenna, William;
McKennzie, "Jo hn"; McKoy, Jennifer; McPhillips, Richard; Meickle, "Jo hn";
Melendez, Edward; Miller, Kennetyh (Ken); Miraglia, Richard P.; Mulder, Dawn,
M.; Munro, Eric; Myo, Khin; Neal, James; Nicole, " Jane"; O'On nor, Meghan;
Ogrezalli, Edward; OMH Commissioner (1994); Onofry, Robert; Orange County
Community Mental Health Center Department of Mental Health; Robert L.;
Orlando, Cristen; Ozpac, Anse Nesrin; Parchment, Ricardo; Parness, Stanley;
Pataki, George E.; Paterson, David A.; Perez, Henry; Peotte, Kenneth; Piskatchek,

Vladimer; Proporto, Laurel; Prum, Sam; Radhakrishnan, Venkataraman; Ramsey, Patrick; Rappaport, Mark; Reed, Sheila; Rotter, "Jo hn"; Rosario, "Jo hn"; Rule, "John" ; Sadora, "J ane"; Saha, Puvabi; Salade, Sorin; Santos, Pedro; Sarner, Charles A.; Schaarschmidt, Mark; Schaefer, Lynn; Schoen, Sue; Schoonmaker, Stacy; Schwartz, Daniel; SGrol, Sandra; Shivashanker, Gowamma; Shnaidman, Vivian; Shreder, Theresa; Shutter, Gail; Siegel; Siekler, Christa; Silverman, Robert Jay; "       ", Lawrence; Sirna, Lisa; Skelos, Peter B.; Skov, Warren; Sloane, Joyce; Slobod, Elaine; Smith, Mildred; Soma, Joseph; Sommers, "j ane"; Speulker, Lynn; Spitzer, Elliot; Spitzer, Robert L.; Spizzo, Vincent; Sprague, Alice; Starling, "Jane "; Steinhaus, Gerald I.; Stevens, Cindy; Stoil, Stewart, "Joh n"; Julie; Stone, Michael Howard; Tarle, Marc E.; Tauriello, John; Thompson, Frederick (Freddie); Tomlinson, Evon; Thorn, "Jan e" Vacco, Dennis; Vasko, Robert; Vasquez, Martin; Volpe, Linda; Volo, Alfred; vonOhlen-Pollack, Susan; Vos, "Jo hn"; Wack, Renate; Wenger, David A.; Wilderman, David; Williams, William (Willie); Win, Phone; and ADDITIONAL DEFENDANTWS TO BE ADDED WHEN IDENTIFIED;

in their individual and Official Capacities,

                                        Defendants.

ERRATA

I ask that
Pro se Clerk
fill in above
from Exhibit 1
of OSC.

4

Additional Named Defendants

- Anchor Savings Bank;
- ~~Bull Nathan A~~
- Buhley, Jane;
- Burke, Stephanie;
- Central Federal Savings & Loan Association
- Curtis Jr, Edward J.
- Goldberg, Jane
- ~~Kahn, Joshua~~
- ~~Nafiz~~
- NYS Medical Association
- NYS Pharmaceutical Association
- ~~NYS Psychiatric Association~~
- ~~NYS Psychiatric Institute~~
- NYS Psychological Association
- NYS Social Workers Association
- Rice, Kathleen;
- Shaw, Douglas
- Stevens, Sue
- Thorn, Lisa,
- Wilshire Credit Corporation

PLEASE TAKE NOTICE:

Defendants, by their agents Warren Skove, Qowamma Shivashankar, Anne Marie Dickson, et al (themselves Defendants), have been, and are, obstructing Plaintiff from obtaining the empirical records to which Plaintiff is, and has been, entitled pursuant to Mental Hygiene Law § 33.16; the direction of the Clinical Records Access Review Committee of the N Y S OFFICE of Mental Health, Order(s) and or directions of the Honorable Jeffrey G. Berry, AJSC, and the Honorable Nicholas De Rosa, A J S C, Orange Cty, as well as the representations of various counsels.

In the absence of those records, Plaintiff is unable to set forth all of the names of all of the Defendants and all of the actions and causes of action, etc., inter alia. Therefore the Plaintiff reserves his right to amend this complaint during the course of the proceedings, discovery, etc. at any time prior to trial subject to the approval of the Court

6    Marvin Arnold Pollack

666666666666666666666666666666666666666666666666666666666666666666666666

# TABLE OF CONTENTS
## (2 of 2)

| Page(s) No(s) | Description |
|---|---|
| 129 | (D) Parties |
| 130 | (E) Table of Cases |
| 130 | (F) Services Petitioned |
| 131(1)—( ) | Section II Facts |
| 132 – 134 | Supporting Affidavit of Timothy MAKAS |
| 135 – 136 | Exhibit 1 Encouraging Access inculcation of law study to Courts respect+regardless |
| 137 – 140 | Exhibit 2 MHL § 33.02 |
| 141 – 143 | Exhibit 3 MHL § 33.05 |
| 144(4)–( ) | Exhibit 4 3-5-07 PAC MEETING Minutes |
| 145(1)–( ) | Exhibit 5 3-27-07 Guidelines PRF Internet Information |
| 146(1)–( ) | Exhibit 6 Appendix A Recommended Collection for Law Libraries |
| 147(1)–( ) | Causes of Action + Relief Requested |
| 148(1)–( ) | Section III Facts. |
| 149(1)–( ) | Exhibit 7 Ltr |
| 150(1)– 151 | Invictus Causes of Action + Relief Requested |
| 152 | IV Plaintiff's demand for Trial by Jury |
| 153(1)–( ) | V Ad damnum + Loss of "Chi" inter aliz zady Abar (Father) (grandfather) |
| 154(1)–( ) | VI Declaration + Previous law suites w Exhibit 8 collective |
| 155 | VII Service of Process request for US Marshall Service |
| 156(1)–( ) | VIII Verification Notice of Intention to file a Claim NYS |
| 157 | IX Copy of Civil Cover Sheet previously filed |
| 158+159 | X Copy of Request to Proceed Informal Pauperis previ filed |
| 160(1)–(2) | XI Prisoner Authorization |
| 161 | XII Certificate of Service to be filed by USMS |
| 162(1)–( ) | XIII Parties to the previous law suites (continued) |
| 163(1)–( ) | XIV Declaration |
| 164 | XV Verification |

B

# Invictus

Out of the night that covers me,
Black as the Pit from pole to pole,
I thank whatever gods may be
For my unconquerable soul.

In the fell clutch of circumstance
I have not winced nor cried aloud.
Under the bludgeonings of chance
My head is bloody, but unbowed.

Beyond this place of wrath and tears
Looms but the Horror of the shade,
And yet the menace of the years
Finds, and shall find, me unafraid.

It matters not how strait the gate,
How charged with punishments the scroll.
I am the master of my fate:
I am the captain of my soul.

**William Ernest Henley**

http://www.poemhunter.com/

- More information about the poem Invictus
- Reader comments on the poem Invictus
- More information about the poet William Ernest Henley

82

9

82

Plaintiff in the above-captioned action charges and or alleges, as follows:

I

A. Introduction

Plaintiff brings this action against the defendants for injunctive, declaratory and monetary (compensatory, punitive, exemplary and other financial relief and sanctions) Relief for Constitutional and other violations of Plaintiff, his property and his other Rights

Plaintiff charges that his Constitutional and other Rights were, and are continuing to be, raped, not mearly violated and that same are being, and have been, so as a part of a 'systemic pattern' among individuals and groups of individual acting individually and in concert with one another in various combinations and patterns; and that same was, or may have been, a pattern of retribution, retaliation, in ter alia.

B. Jurisdiction

This is a Civil Rights action seeking the afore-noted types of relief to protect, defend, and compensate the Plaintiff and Plaintiff's Rights under the Constitutions of the United States of America, the State of New York, and statutes, rules, laws, regulations of same, which Plaintiff charges have been raped, not merely violated.

This action is brought pursuant to 42 USC §1983, inter alia, including, but not limited to, those noted on the caption page hereof.

This Court has jurisdiction over this action pursuant to 28 USC 1331, 1343(3), (4), 2201, inter alia.

11

## C. VENUE

Venue lies with the US District Court, Southern District of New York pursuant to 28 USC 1391(b).

## D. PARTIES

### 1. PLAINTIFF

Marvin Arnold Pollack

MHFPC WARD 42

POB 158 , Route 17M #2834

NEW HAMPTON   NY 10958

### 2. DEFENDANTS

Howard Holanchock

Michael F. Hogan

44 Holland Ave

ALBANY   NY 12229

Peggi Healy

MHFPC

POB 158 , Route 17M #2834

NEW HAMPTON   NY 10958

Et Al ( Please see supra + infa.)

☆U.S. GPO: 2004-306-233

Department of the Treasury - Internal Revenue Se

Enrolled Agents are required to follow the rules of
Circular 230, including the requirements of Continuing
Professional Education. ☆

_Laurin Ansel Overacta_
Signature of Enrolled Agent

_Cono P. Namorato_
Cono R. Namorato
Director, Office of Professional Responsibility

Form 24-A(c) (Rev. 3-2004) Catalog No. 33452Y

Form 24-A(c) (Rev. 3-2004) Catalog Number 33452Y

13

☆/Plantiff is in excess of continuing professional education requirement, into all
as a result of any unconstitutional detainment of my Liberty

Department of the Treasury
Internal Revenue Service

Enrollment to
Practice Before the
Internal Revenue
Service

2002-27535

Department of the Treasury
Internal Revenue Service

This evidences that
MARVIN A. POLLACK
is enrolled to practice before the Internal Revenue Service under 31 Code of
Federal Regulations Part 10 (Treasury Department Circular No. 230)

ISSUE DATE
04-13-2005
EXPIRATION DATE
03-31-2006

Limitations on Enrolled Agents, if any:

MARVIN A. POLLACK
P.O. BOX 220262
GREAT NECK, NY 11022

▲

Form 24-A(c) (Rev. 03-2004) Catalog Number 33452Y      www.irs.gov      Department of the Treasury · Internal Revenue Service

14

THE DEFENDANTS HELD HOLD No IMMUNITY.

The defendants do not have Absolute nor Qualified Immunity. Nor did They, at The time of their Acts complained of:

As stated in Richardson, 5 F. 3d 616 (CA2 1993):

"In determining whether a particular Right was clearly established at the time defendants acted, this Court has considered three factors:

1) whether the Right in question was defined with "reasonable specificity";

2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the Right; and

3) whether under pre-existing law a reasonable defendant official would have understood that his or her acts were unlawful.

See, Francis v Coughlin, 891 F. 2d 43, 46 (CA2 1989) (citing Anderson, 483 U.S. at 640).

Richardson, supra, further states:

"..., Officials are charged with knowledge of relevant decisional law, especially the decisions of the circuit in which they perform their duties."

Francis v Coughlin, 891 F. 2d at 46.

None of the Acts complained of qualify therefore.

15

# Action is Not Time Barred

Plaintiff's actions are timely, and not "time Barred," on a number of basis:

The "general rules" applicable are as follows: CPLR § 208: Civil rights claims brought under 42 USC § 1983 are subject to the "general statute of limitations" rules for personal injury actions brought in the State of New York see, Owens v Okure, 488 U.S. 235, 249-251; Pearl v City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Baker v New York City, 943 F. Supp 533, 534-535 (E.D.N.Y. 1996). In New York the statute of limitations for personal injury claims is three (3) years. See e.g., Owens, 488 U.S. at 251; Pearl, 296 F.3d at 79; Baker, 943 F. Supp. at 535.

Although the statute of limitations under the general rule is governed by state law, the accrual date under the general rule is dictated by Federal law. See, Wallace v Kato, 549 U.S. 384, 388 (2001) Accrual is generally described as beginning when the plaintiff "knows or has reason to know" of the injuries on which his claims are based. Jewell v County of Nassau, 917 F2d 738, 740 (2d Cir. 1990); Singleton v City of New York, 632 F2d 185, 191 (2d Cir 1980); Daniels v Doe, No. 99 CIV. 2192, 1999 U.S. Dist. LEXIS 19370 at *7 (S.D.N.Y. 12-17-99)

16

Specifically, the accrual date is the date of the decisive events. See, Singleton, 632 F 2d @ 191; Day v Moscow, 796 F. Supp. 472, 476 (S.D.N.Y. 1991).    Tolling of Statute of Limitations

If a person is under a disability because of Insanity at the time the cause of action accrues, the time for commencing the action can be extended. See, McCarthy v Volkswagen of America, 55 N.Y 2d 543 (1982). Section 208 of the C.P.L.R. "extend[s] the toll for insanity to . . . those individuals who are unable to protect their legal rights because of an overall inability to function in society." McCarthy, 55 N.Y. 2d at 548. Tolling, however, "shall not be extended . . . beyond ten years after the cause of action accrues." N.Y. CPLR. 208

However, Plaintiff has been in the Continuous custody of the Commissioner of the New York State office of Mental Health since, and beginning on 12-30-94 and alleged to be insane (mentally ill and dangerously so), and currently in Mid Hudson Forensic Psychiatric Center (MHFPC).

In fact, Plaintiff has continuously been alleged to be so insane that numerous Judges beginning during 1993 to 1995 including, but not limited to, the Honorable Abbey L Boklan, Nassau County District Judge; Honorable Stanley, Parness, JSC

17

New York County; Honorable Edward J Greenfield,
JSC New York County; Honorable Nicholas
DeRosa, AJSC, Orange County, Honorable Lawrence
I Horowitz, J.S.C Orange County; Honorable Lori
Currier-Woods, AJSC, Orange County, Honorable
Victor J. Alfieri, AJSC, Orange County; Honorable
Justices of the Supreme Court of the State of N.Y
Appellate Division Second Judicial Department;
Honorable Jonathan Lippman J E of Appeals,
NYS, Honorable Elaine Slobod, AJSC Orange
County, et al, right up to this very date,
have denied Plaintiff his Constitutional
Right under the Sixth 6th Amendment, portions
of the first (1st), Fifth (5th) and Fourteenth
(14th) Amendments, inter alia, have denied Plaintiff his
himself, Pro se.

    The actions complained of herein began to
commenced during or about 1992, beginning by
a group of individuals who Plaintiff charges
conspired, inter alia, to violate and deny
Plaintiff his Fourteenth (14th) Amendment
Rights, inter alia, in such a manner as to shock the
conscience, inter alia; and who acting together
in various combinations caused Plaintiff to
suffer a complete Nervous breakdown beginn-

18

1/ Officials of the Incorporated village of Lake Success that
I am suing in their individual + official capacities
    Louis Di Ridder is my witness who will testify

during or about mid June, 1992

At all times stated herein Until during or about and between February 19, ~~1995~~ and November 1994, my then, now former, wife Susan Katherine Misn-Von Ohlen-Pollack (Wollack to 12-23-99, "Von Ohlen on and after 12-23-99") was my attorney and counselor at law who was representing me in connection with the controversy with the defendant(s) (individuals of the Anchor Savings Bank as assignee of Central Federals + Assoc., and individuals of the Incorporated Village of Lake Success

At some time, during or about ~~September~~ beginning September 1994, my said wife became subject to a conflict of Interest, and thereafter acting beginning then and or together with defendants Barry R. Feerst and Gerald Isteinhaus and possible others in various combinations with one another, and with defendant Fred A Klein et al (the names of whom to be determined) all lawyers and attorneys at law, inter alia, conspired to violate Plaintiff's Constitutional and other rights including, but not limited to, Plaintiff's Fourth (4th) Amendment Rights, inter alia. Robert Race, Esq. will be called as my witness thereto

In the course of such conflict of interest, inter alia, the afore-referred to Defendants in various combinations conspired overtly and or covertly to perpetuate the prior, then present and future violations of Plaintiff's Constitution

19

al rights such that on 12-13-94, Plaintiff was "swept away" and detained of his 4th Amendment Liberty as a result of the Defendants wrongful + violative and illegal action(s), nevertheless appearing to be done in a legal way.

As stated in Webster's II New College Dictionary third Edition Copyright © 2005 by Houghton Mifflin Company, the definition of Conspiracy is

"An agreement between two or more persons to commit a crime or accomplish a legal purpose through illegal action,"

which is exactly what Plaintiff is charging and alleging of individual groups of co-conspirators acting in various combinations among themselves and among individual(s) acting in various combinations In and between the various groups in various and changing combinations.

Plaintiff does not presently recall the individual names of the individual(s) acting in various combinations 2/ of and including, but not limited to, Defendants Central Federal Savings and Loan Association, Anchor Savings

2/ Ms Peggy Kadel will not only name them, but testify there to.

Bank, and Wilshire Credit Corp., and possible others who formed yet another group of co-conspirators to defraud and violate Plaintiff and his Constitutional and other Rights, but which individual defendants will be added as named defendants herein.

On 12-30-94[3] Plaintiff became ensnared in the "System" administered by the RICO type corrupt organization[4,5] and the individuals of, and within, the New York State Office of Mental Health (NYSOMH or OMH) and its subsidiaries Kirby Forensic Psychiatric Center (KFPC) and subsequently by Middletown Psychiatric Center (MPC), Queens Village Outpatient Clinic at Creedmoor Psychiatric Center (QVOC @ CPC) and Mid-Hudson Forensic Psychiatric Center (MHFPC) and its / their attorneys, lawyers, and counselors at law, many of whom are and or shall be (after discovery) added as individual defendants herein for good cause shown and or to be shown.

During or about November, 1994, defendant Fred A Klein et al and possible others within the Office of the District Attorney of the County of Nassau illegally conspired to violate Plaintiff's Constit-

21

3/ On 10-26-94, Plaintiff was examined by two (2) psychiatric examiners employed by the Commissioner of the NYS Office of Mental Health (NYSOMH or OMH).
4/ Rockster Influenced and Corrupt Organization (RICO).
5/ as I shall prove.